## GEORGE C. ROGERS
*vs.*
## CORNELIUS J. DANAHER, COM.

Superior Court      Hartford County      File No. 61603

MEMORANDUM FILED MARCH 19, 1940.

*Alvin C. Leone,* of Hartford, for the Plaintiff.

*Francis A. Pallotti,* Attorney General; *Thomas J. Conroy,*

Assistant Attorney General; *Harry Silverstone,* Assistant Attorney General, for the Defendant.

INGLIS, J. This is an appeal from the assessment by the administrator of an unemployment compensation contribution against the plaintiff by reason of his claimed employment of pin setters in his bowling alleys for the first two quarters of 1939. The sole question involved is as to whether these pin setters are employees or whether, as claimed by the plaintiff, they are joint venturers with the plaintiff.

Prior to January 1st, pin setters were hired by the plaintiff without any written contract and were paid three and one-half cents a game for setting up pins in duck pin bowling and four cents a game for ten pin bowling. Commencing January 1, 1939, it became the practice of the plaintiff to require each boy who was hired as a pin setter to sign a written contract with him whereby the pin setter applied "for the privilege of setting up pins on your alleys" and agreed that he would charge therefor 20 per cent of the gross receipts from games of ten pins and 23⅓ per cent of the gross receipts from games of duck pins. In some few of the contracts actually signed, the percentage method of determining the pin boys' compensation was not used but the figures of four cents a game and three and one-half cents a game respectively were inserted in the form contract. The practice of requiring the written contract was adopted with the sole purpose of avoiding the unemployment compensation tax and was, as it appears on the evidence, a mere subterfuge.

The evidence discloses that the plaintiff ordinarily charges his patrons for the use of his alleys, 20 cents a game for ten pins and 15 cents a game for duck pins. However, not infrequently, for special groups or during slack hours, he discounts that charge, on duck pins at least, to two games for 25 cents. For these charges, it is understood that, among other things, the plaintiff will furnish his patrons the use of the alleys, pins and balls, the necessary lights, the use of score boards, chalk and towels and also the setting up of the pins and the return of the balls by the pin setters. The patrons do not hire the pin setters nor do they pay them directly.

The pin setters are engaged by the plaintiff. He tells them

when they may come to work and on which alleys they may work although he does listen to their requests in this regard and generally complies with those requests. When a new pin setter is first engaged he either knows or learns from the other boys that what is required of him in the work is to set up the pins on the spots designated on the alleys and to return the balls to the bowlers. By practice, the boys acquire a certain skill in doing their work quickly. It is to the business advantage of the plaintiff that he maintain discipline among the boys to the extent that there be an adequate number of pin setters on hand when bowling is in progress and that the boys do their work with alacrity and, as a matter of fact, he does attempt to main-tain that discipline. If a pin boy does not attend regularly or if he does not perform his work satisfactorily to the plaintiff, he is rebuked, directed as to what is wrong in his conduct and, if necessary, is discharged. Under the arrangement, therefore, it is clear that the plaintiff has the right to direct and control the method of the work to be followed by the pin setters.

So far as compensation is concerned, the pin setters look to the plaintiff for their pay and not to the patrons. If the patrons did not pay the plaintiff, the pin setters would nevertheless re-ceive their compensation from the plaintiff. In spite of the provisions of the form contract, the pin boys actually receive from the plaintiff four cents a game for ten pins and three and one-half cents a game for duck pins irrespective of whether the plaintiff has collected the full 20 or 15 cents for the game or whether he has collected less. In no sense do the pin setters share in any loss which the plaintiff may sustain in the conduct of the business.

On the whole, therefore, it is concluded that the pin setters are not joint venturers with the plaintiff but rather are clearly his employees. They render service to him under a contract for hire and the relationship of master and servant exists be-tween them.

Judgment may enter dismissing the appeal and confirming the finding and determination of the commissioner and the as-sessment by him of the contribution.